## Commonwealth ex rel. Walls, Appellant, v. Rundle.

Submitted January 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert H. Walls,* appellant, in propria persona.

*Julian F. King* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 17, 1964:

On June 10, 1952, Albert Hosey Walls, petitioner-appellant, then seventeen and represented by counsel, entered a plea of guilty generally to an indictment charging him with murder. Testimony was taken before a court en banc, consisting of three judges, to determine the degree of guilt and to fix the penalty. Because the cases of co-defendants were pending, the court did not dispose of the plea until November 21, 1952. On that date, appellant was adjudged guilty of murder in the first degree, and a sentence of life imprisonment was imposed. From that judgment of sentence, no appeal was taken.

Eleven years later, on September 6, 1963, appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas No. 6 of Philadelphia County. He urged that his constitutional rights had been violated in that he was denied equal protection of the law and was convicted and sentenced without due process. Petitioner contended (1) that he was refused representation by counsel at a preliminary hearing in Juvenile Court following an illegal detention; (2) that he was held incommunicado and was forced to give a

subsequent statement which was coerced and totally involuntary; (3) that at the time of arrest he was sixteen years of age, a "juvenile 'child' " under the exclusive jurisdiction of the Juvenile Court and was refused permission to see his parents; and (4) that he was "uncounseled when his case was transferred from the Juvenile Division and certified over to the Common Pleas Court of Adult Jurisdiction." The court below held appellant's allegations to be without merit and denied his petition. From that determination, this appeal followed.

We are satisfied, after careful review of both the record in the court below on the petition for habeas corpus as well as the entire transcript and record of the hearing on the plea, that the court below correctly summarized the basic factual background of the homicide.

"The record establishes conclusively that on August 10, 1951, relator went to the home of a friend, one William Sampson, where he met both Sampson and a Marshall Miller. Relator asked them to go with him to commit a robbery. The three of them entered a taxicab, with relator sitting in the front seat and the other two in the rear seat. Relator shot the driver who later died. The three fled and relator was traced through the revolver while attempting to dispose of it."[1]

We conclude also, as did the court below, that appellant's contentions are entirely without legal validity. His plea constituted an admission of his guilt and of all the facts averred in the indictment; it constituted a waiver of all nonjurisdictional defects and defenses. *U. S. v. Parker,* 292 F. 2d 2 (6th Cir. 1961); *U. S. v. Gallagher,* 183 F. 2d 342 (3rd Cir. 1950); *U. S. v. Rozanc,* 210 F. Supp. 900 (W.D. Pa. 1962); *Richard-*

---

[1] From the opinion of the court below.

*son v. Baldi,* 139 F. Supp. 928 (M.D. Pa. 1956); see also 4 Wharton's Criminal Law and Procedure §§1900-1901 (1957); 10 P.L.E., Criminal Law §174. Appellant's allegations raise no question of jurisdiction, nor do they raise any question as to whether the substantive offense itself was committed. Accordingly, there is nothing in the petition which takes this case outside the rule recited above, and the petition was properly refused.

The hearing in Juvenile Court was solely to determine whether or not to certify the case to the criminal courts. It was not a criminal hearing which in any way required the appointment of counsel. See *Holmes' Appeal,* 379 Pa. 599, 109 A. 2d 523 (1954), cert. den., 348 U.S. 973 (1955). It had no bearing upon either the procedural or substantive aspects of the conviction in criminal court.

Appellant also urged in his petition that his "plea of guilty was coerced under pressure pursuant to the illegally obtained confession in flagrant violation of Due Process and fundamental justice." We construe this allegation to mean that because appellant was allegedly forced to confess (according to his version), he was compelled to plead guilty. Appellant, without counsel, signed a written confession on October 16, 1951, at 7:20 a.m. (He had been arrested at approximately 11:00 p.m. on October 15.) His plea, on the advice of counsel, was entered on June 10, 1952, eight months later. During the course of the hearing on the plea, the trial judge, on two occasions, asked counsel whether he was raising any question relative to the voluntary nature of appellant's confession. Counsel replied, "No" on both occasions. Consideration of the time which elapsed between the taking of the confession and the entering of the plea together with the positive assertions by counsel that no question was raised on this issue clearly justified the hearing court's

conclusion that the plea was not coerced. See *United States v. Morin,* 265 F. 2d 241, 245-6 (3rd Cir. 1959).

Moreover, of even greater significance is the fact that appellant, on the advice of counsel, testified at the time the plea was entered and gave an account of the offense in far greater detail than appeared in the statement which he signed. Cf. *Com. ex rel. Miller v. Myers,* 187 Pa. Superior Ct. 565, 146 A. 2d 145 (1958). He related that, on October 10, 1951, in the company of William Sampson and Marshall Miller, while carrying a loaded revolver, he hailed a taxi for the express purpose of robbing the driver. He took the gun from his pocket and directed the driver to pull his cab over, at which point, even taking the testimony in a light most favorable to appellant, the driver hit his brakes and the gun accidentally went off.[2] The bullet struck the driver in the side and penetrated his chest. He died a few hours later.

In sentencing appellant, the court below observed, "His youth is the only thing that moved this Court against the supreme penalty. This crime was inexcusable, wilful, and it took out of our community a young citizen in the prime of his life. If it were not for his age the sentence which we are about to pronounce would be much more severe[e]." In doing so, the sentencing court afforded appellant every benefit and advantage that could reasonably be expected from the sole mitigating circumstance. The record fails to disclose any factual or legal basis for further relief. The court below properly dismissed the petition and that action must be affirmed.

Order affirmed.

---

[2] Even assuming the gun misfired, it is of no moment in determining the degree of guilt because appellant was engaged in an attempt to commit armed robbery. See The Penal Code of 1939, June 24, P. L. 872, §701, as amended, 18 P.S. §4701.