## Commonwealth ex rel. Parker, Appellant, *v.* Myers.

428

Submitted April 24, 1964. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Alfred Parker,* appellant, in propria persona.

*William Porter, Burton Satzberg* and *Thomas M.
Reed,* Assistant District Attorneys, *F. Emmett Fitz-
patrick, Jr.,* First Assistant District Attorney, and
*James C. Crumlish, Jr.,* District Attorney, for appel-
lee.

OPINION BY MR. JUSTICE ROBERTS, May 27, 1964:

This is an appeal from a denial, without hearing, of
a petition for writ of habeas corpus.

On October 19, 1959, appellant, represented by able
counsel, entered a plea of guilty to murder generally.
The Commonwealth certified that guilt rose no higher
than murder in the second degree, and the court heard
extensive testimony to determine the degree of guilt
and to fix the penalty. Appellant was adjudged guilty

of murder in the second degree and was sentenced to imprisonment of not less than nine nor more than eighteen years. No appeal was taken from the judgment of sentence.

By his present petition, filed in the Court of Common Pleas No. 6 of Philadelphia County on October 17, 1963, appellant contends that he was denied due process by the absence of counsel on his behalf at the preliminary hearing before the magistrate (which appellant also calls his "arraignment") and at the coroner's inquest.

This case is almost on all fours with *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964), in which we held that absence of counsel at the preliminary hearing, under the circumstances, did not violate petitioner's constitutional rights.

Furthermore, by his plea of guilty at a time when he was represented by counsel, petitioner waived his right to question the proceedings prior to that time. *Com. ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528 (1964).

The petition, on its face, is without merit and was properly dismissed without a hearing.

Order affirmed.

Mr. Justice COHEN dissents.