Commonwealth ex rel. Sanders, Appellant, *v.* Maroney.

Submitted January 11, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William Sanders,* appellant, in propria persona.

*Thomas A. Pitt, Jr.,* Assistant District Attorney, and *A. Alfred Delduco,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1965:

William Sanders was indicted for the December 29, 1959 murder of Dorothy Thompson and counsel were appointed by the court to represent him. With the assistance of counsel, Sanders entered a general plea of guilty before a court en banc on December 27, 1960, and the court immediately heard testimony to determine the degree of guilt and the punishment.[1] By its opinion and order of May 29, 1961, the court determined that Sanders was guilty of murder in the first degree and fixed the sentence at life imprisonment. Sentence was formally pronounced in open court on June 2, 1961. There was no appeal from the judgment of sentence.

The present appeal is from the denial, without hearing, of Sanders' petition for a writ of habeas corpus. The petition alleged denial of Sanders' constitutional rights because he was not represented by counsel either when he confessed,[2] or when he appeared at his preliminary hearing before a justice of the peace, or during the coroner's inquest.[3]

---

[1] In the first instance, Sanders elected not to testify in his own behalf. However, on February 20, 1961, the court permitted a reopening of the testimony at which time the defendant did testify.

[2] There is no allegation that there was a request for counsel. See *Commonwealth v. Patrick,* 416 Pa. 437, 446-49, 206 A. 2d 295, 299-300 (1965); *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 206 A. 2d 288 (1964); *Long v. United States,* 338 F. 2d 549 (D.C. Cir. 1964).

[3] There is no allegation as to what transpired at the hearing or inquest, nor does the record of the court hearing on the plea reveal that anything occurred at the preliminary hearing or at the coroner's inquest which caused either stage to become critical in the proceedings against the defendant. See, e.g., *Commonwealth*

Appellant-petitioner does not contend, nor does the record indicate, that his plea of guilty was anything other than voluntarily and intelligently entered. On this record, the plea having been accepted by the court, the court's sole inquiry was to determine the degree of guilt and the penalty. Petitioner's "plea constituted an admission of his guilt and of all the facts averred in the indictment; it constituted a waiver of all non-jurisdictional defects and defenses." *Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 55, 198 A. 2d 528, 529 (1964). Of course, this does not mean that a defendant who has pleaded guilty to murder waives the right to object to the admission of improper evidence which will bear on the degree of guilt and the punishment to be imposed. In the instant case, however, there was no attack on the involuntariness of petitioner's confession. There was no challenge to the voluntariness based either upon the absence of counsel at any stage of the proceedings or upon any other premise.[4] Petitioner at no time, for any reason, contended that his confession was involuntary.[5]

---

*ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965) ; *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964).

[4] The record of the hearing on the plea reveals that defense counsel quite properly interrogated Commonwealth witnesses relative to the circumstances attending the taking of petitioner's confession before it was introduced into evidence. The admissibility was not opposed.

[5] Petitioner alleges only that his confession was obtained through the "psychological trickery of the district attorney" at a time when petitioner was not advised of his right to counsel.

On January 1, 1960, a Pennsylvania State Police officer advised petitioner that he did not have to make a statement if he did not desire to do so, after which petitioner elected to confess. The written confession is prefaced by the statement that petitioner knew it might be used against him in the event of prosecution. The record reveals, and it was not disputed, that the statement was read to, and by, petitioner before he signed it.

Since the voluntariness issue was not raised for determination by the court which heard the testimony on the plea, it is deemed waived and we need not pass upon it in a habeas corpus proceeding. *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 207 A. 2d 810 (1965). The principles governing the need for the timely raising of an issue apply equally to proceedings upon pleas of guilty as well as to trial proceedings.

The order below is affirmed.

---

At the preliminary hearing, petitioner was advised that he was being held for murder. When asked whether he desired counsel, he replied in the negative. He was also advised that he did not have to say anything and that anything he said might be used against him. His confession was read to him in the presence of the justice of the peace and when asked whether the facts contained in it were true, he replied that they were.