240

Commonwealth ex rel. Ward, Appellant, *v.* Russell.

Submitted April 20, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Columbus Ward,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 13, 1965:

This is an appeal from the Order of the Court of Common Pleas No. 7 of Philadelphia County dismissing the petition of Columbus Ward for a writ of habeas corpus.

Ward was indicted for the murder of Mack McClelland Roots whom he killed by stabbing him several times with an ice pick. When Ward came to trial on January 9, 1961, the District Attorney certified that in his opinion* the crime did not rise higher than sec-

---

* This opinion was not binding on the Court: *Commonwealth v. Lowry,* 374 Pa. 594, 98 A. 2d 733; *Commonwealth ex rel. Johnson v. Rundle,* 411 Pa. 497, 192 A. 2d 381. In *Commonwealth ex rel. Johnson v. Rundle,* the Court, quoting with approval from *Commonwealth v. Lowry,* said (page 502) : " 'In any event the law is clear that the jury could have disregarded any recommendation which the District Attorney or even the Court made, since they and they alone have the right and power to determine the crime, the degree of the crime, and the penalty of death or life imprisonment: Penal Code of 1939, Sec. 701, Act of June 24, 1939, P. L. 872. . . .' "

Furthermore, Rule No. 43 of the Rules of the Courts of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the

ond degree murder. Ward, who was represented by an attorney, then pleaded guilty, and the lower Court after hearing evidence, including his confession which was not objected to, adjudged him guilty of murder in the second degree and sentenced him to 8 to 20 years in the Eastern State Penitentiary. No appeal from this judgment of sentence was ever filed.

On August 10, 1964, Ward filed in the Court below the present petition for habeas corpus. The lower Court did not take testimony but held a hearing only on the legal and Constitutional issues. Ward does not contend that he is innocent of the murder to which he pleaded guilty. He contends, inter alia, that he was denied due process of law (1) when he was interrogated by the police in the absence of counsel; (2) when he was given a preliminary hearing before a magistrate without representation by counsel, and (3) when his confession, which was made when unrepresented by counsel, was admitted into evidence at his trial after he pleaded guilty *while represented by counsel.*

Assuming that these statements are true, they do not amount to a denial of due process.

Under Pennsylvania law, a person accused of murder need not be provided with counsel immediately

---

Peace of Philadelphia County provides: "Pleas of guilty to indictments for murder shall be heard by a court en banc, consisting of the judge before whom the plea is entered and two other judges, who shall be called in by him for that purpose. If, however, the district attorney shall certify of record that, in his opinion, the prisoner's offense rises no higher than murder of the second degree, the judge before whom the plea is entered shall alone hear the evidence and enter judgment on the plea. If a judge sitting alone to hear such plea shall, after hearing the evidence presented, or any part thereof, be of opinion that the degree of the crime should be fixed at murder of the first degree, he shall call in two other judges to hear and decide the case with him. Evidence already presented to the judge sitting alone shall be considered without being retaken, if the defendant shall expressly agree thereto."

upon his arrest or before he is questioned by the police, unless an attorney is requested, or unless after *Escobedo v. Illinois*, 378 U.S. 478, a critical or accusatorial stage had been reached. *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565; *Commonwealth ex rel. Linde v. Maroney*, 416 Pa. 331, 206 A. 2d 288; *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670.

Three eyewitnesses identified petitioner as the murderer. Moreover, it is significant that the appellant was warned by the police that any statement he made could be used against him at the trial, and while represented by an attorney at the trial, he repeated the statement he made to the police.

Lack of counsel at a preliminary hearing before a Magistrate or Justice of the Peace does not, in and of itself, amount to a deprivation of due process of law. *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283. At the preliminary hearing, the Commonwealth merely attempts to make out a prima facie case for the purpose of having the accused held for a possible indictment of a crime by a grand jury. The defendant is not required to plead or make any statement. In the *Butler* case, the Court said (pages 324-325) : "In the absence of unusual circumstances which transform the proceeding into a critical stage, lack of counsel at preliminary hearing in this Commonwealth does not constitute a deprivation of due process. No such transformation occurred in the instant case."

Where one pleads guilty to a criminal charge before the Court, that is a confession of guilt of the crime or crimes with which he is charged in the indictment. *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 202 A. 2d 299, and cases cited therein. The plea also constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d 528, and cases cited therein. If the

plea is accepted by the Court, the Court's sole inquiry then is to determine (a) the guilt and (b) the degree of guilt and (c) the penalty or sentence.

The crucial and significant points in this case are that (1) at the time Ward entered his plea of guilty, he was represented by counsel and (2) after this guilty plea and while represented by counsel, his prior confession was admitted in evidence *without objection.* Its admission into the records cannot now be attacked or assigned as error in this collateral proceeding. See *Commonwealth ex rel. Walls v. Rundle,* 414 Pa., supra; *Commonwealth ex rel. Miller v. Myers,* 187 Pa. Superior Ct. 565, 146 A. 2d 145; and *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965). Cf. also *Henry v. Mississippi,* 379 U.S. 443, 85 S. Ct. 564 (1965).

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN dissents.