Commonwealth ex rel. Keller, Appellant, *v.* Maroney.

Submitted September 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Douglas W. Keller,* appellant, in propria persona.

*Harry W. Gent, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 9, 1965:

On July 29, 1964, relator-defendant presented a petition for a writ of habeas corpus which, after hearing, was denied by the lower Court on February 23, 1965. On March 7, 1965, defendant presented a petition* for

---

* Actually a letter.

a rehearing on his prior petition for a writ of habeas corpus. This petition was denied by the lower Court without a hearing or further testimony. From the Order denying his petition defendant took this appeal.

On May 29, 1961, defendant was convicted by a jury of murder in the second degree, and on June 9, 1961, the Court sentenced him to 10 to 20 years.

Prior to trial, and indeed, prior to his confession, defendant was represented by an attorney who advised him that he did not have to make any statement to the police, if he did not choose to do so. Nevertheless, a few hours after being so advised, defendant made a confession to the police in which he admitted that he killed Robert W. Mays, and gave his version of the killing. His confession was introduced in evidence at his trial,** at which time he was represented by counsel and took the stand and testified in his own behalf. After sentence, defendant filed no post-sentence motions and took no appeal.

Defendant contends that he was denied his Constitutional right to counsel at the accusatorial stage of the proceedings, even though before he made his confession he had engaged, we repeat, a lawyer who advised him of his right to remain silent and to refuse to answer any questions. More specifically, he contends that under *Escobedo v. Illinois,* 378 U.S. 478 (1964), the confession that he gave to the police under the above mentioned circumstances should have been excluded at his trial. In the light of the aforesaid facts, there is no merit in any of petitioner's contentions.

Our conclusion is fortified by this Court's recent decision in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (decided by this Court September 29, 1965), which held that *Escobedo* was not to be given retrospective effect in Pennsylvania. The term "retrospec-

---

** Relator had pleaded guilty, but was permitted to withdraw his plea.

tive" as defined in *Linkletter v. Walker,* 381 U.S. 618, 622 (1965), is coupled with finality and ". . . applies to state court convictions which had become *final** before rendition of . . . [the opinion of the Supreme Court]. . . . By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in . . . [Escobedo]." In view of *Linkletter v. Walker,* it is clear that *Escobedo* is inapplicable since the conviction in this case had become *final* three years prior to the decision in *Escobedo* and the time for appeal in the instant case had long since expired.

Order affirmed.

Mr. Justice COHEN dissents.

———

* Italics, ours.