Commonwealth ex rel. Adderley, Appellant, v. Myers.

Submitted November 15, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles L. Adderley,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION PER CURIAM, January 4, 1966:

Charles L. Adderley, an incarcerated prisoner, is presently serving a life sentence having been found guilty of murder in the first degree by a three-judge court on June 25, 1957.

Adderley filed a petition for a writ of habeas corpus alleging he was denied due process because he was arrested without a warrant and a coerced confession was used against him. The court below, in denying the petition for the writ, stated: "Relator's plea of guilty in open court while represented by counsel resulted in a waiver of his right to question proceedings before the plea. Com. ex rel. Walls, Appellant v. Rundle, 414 Pa. 53 (1964); Com. ex rel. Parker, Appellant v. Myers, 414 Pa. 427 (1964); Com. ex rel. Sanders, Appellant v. Maroney, 417 Pa. 380 (1965)."

Adderley had a similar petition before this Court within recent months wherein he urged that his "conviction and adjudication of guilt were based on constitutionally invalid evidence, i.e., the confession, citing Escobedo v. Illinois, 378 U.S. 478." In *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481, after noting that the confession involved was admitted

without objection, that Adderley's testimony at trial was identical with his description of the crime given in the confession and that the trial record was clear that the failure to object to the confession by Adderley's counsel was strategic in nature, this Court held that the question of the exclusion of the confession could not be successfully asserted. *Adderley* controls this phase of the present petition.

Our examination of the record and the decisional law applicable to relator's other complaints convinces us of the propriety of the action of the court below.

Order affirmed.