## Commonwealth ex rel. Green, Appellant, *v.* Myers.

Submitted May 2, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Isaiah James Green, Jr.,* appellant, in propria persona.

*Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:

This is an appeal from the Order of the Court of Common Pleas No. 8 of Philadelphia County denying without a hearing appellant's petition for a writ of habeas corpus which had been filed in the Court of Common Pleas No. 10.

Appellant, while represented by counsel, pleaded guilty to murder. He was tried before a three Judge Court which found him guilty of murder in the first degree with penalty fixed at death and judgment of sentence was entered thereon. He appealed to this Court which ordered that he be resentenced, and the lower Court resentenced him to death. He again appealed to this Court. In that appeal we vacated the sentence of death and ordered that he be sentenced to life imprisonment. See *Commonwealth v. Green,* 396 Pa. 137, 151 A. 2d 241.

Relator's main contention in this habeas corpus proceeding is that the admission of his confession at his trial after he had pleaded guilty, while represented by counsel, deprived him of due process of law because his confession was coerced and was made at a time when he was without counsel and when he was not advised of his right to counsel.

Green's conviction and sentence and his right to appeal therefrom became final prior to *Escobedo v. Illinois,* 378 U.S. 478, and that case is not to be retroactively applied to the facts in this case. See also *Johnson v. New Jersey,* 384 U.S. 719 (filed 6/20/66), 34 L.W. 4592.

In *Commonwealth ex rel. Keller v. Maroney,* 419 Pa. 318, 214 A. 2d 249, at pages 320-321, we said. "Our conclusion is fortified by this Court's recent decision in Commonwealth v. Negri, 419 Pa. 117, 213 A.

2d 670 (decided by this Court September 29, 1965), which held that *Escobedo* was not to be given retrospective effect in Pennsylvania. The term 'retrospective' as defined in *Linkletter v. Walker,* 381 U.S. 618, 622 (1965), is coupled with finality and '. . . applies to state court convictions which had become *final**
before rendition of . . . [the opinion of the Supreme Court] . . . By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in . . . [Escobedo].' " (*Italics in original) In view of *Linkletter v. Walker,* it is clear that *Escobedo* is inapplicable since the conviction in this case had become final prior to the decision in *Escobedo* and the time for appeal in the instant case had long since expired.

Furthermore, the question of the voluntariness of Green's confession was decided in his direct appeal. We said, in *Commonwealth v. Green,* 396 Pa., supra, at page 143:

". . . When the written confession was introduced during the direct examination of Detective Hammes, appellant's counsel made no objection whatsoever. On the other hand, appellant's counsel not only conceded the absence of any duress in securing this confession but *emphasized the voluntary nature of the confession* so that the court might be impressed by the fact that Green made no effort to hide the crime."

Moreover, relator's guilty plea in open Court while represented by counsel is a confession of guilt of the crime or crimes with which he is charged in the indictment and also constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa. 419, 218 A. 2d 242; *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Adderley v.*

*Myers,* 419 Pa. 536, 215 A. 2d 624; *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789; *Commonwealth ex rel. Parker v. Myers,* 414 Pa. 427, 200 A. 2d 770; *Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.