## Commonwealth ex rel. Manning, Appellant, *v.* Rundle.

Submitted April 19, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Calvin Manning,* appellant, in propria persona.

*Henry T. Crocker* and *Richard A. Devlin,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:

This is an appeal from a denial by the Court of Common Pleas, without a hearing, of a petition for habeas corpus. On March 1, 1960, relator pleaded guilty to murder generally, while represented by two Court-appointed counsel. He was sentenced to ten to twenty years in prison after the Court en banc fixed the crime at second degree murder.

The facts of the homicide were as follows:

On August 28, 1959, while serving a burglary sentence in the Eastern State Penitentiary, relator became involved in an altercation with a fellow convict in the exercise yard and killed him. When he was interrogated by the prison authorities concerning the killing, he signed a written statement in which he admitted the stabbing but said that immediately prior to the stabbing he and the victim had been fighting, and that the fight started when the victim "smashed me in the mouth". This somewhat exculpatory statement, which he calls a confession, was admitted in the hearing or trial before the Court en banc after he had pleaded guilty to the charge of murder, while, we repeat, he was represented by counsel. Moreover, he took the witness stand and repeated exactly his aforesaid written statement.*

Relator alleges three infringements of his Constitutional rights: (1) Failure of the prison authorities to inform relator of his right to counsel before signing

---

* We note that relator thus expresses it in his petition: "The argument progressed into a fight and appellant protecting himself against not only the onslaught of the victim but also the victims friends who sought to intervene, pulled a knife out of his pocket and stabbed said William Brown."

a confession; (2) "coercion" by prison officials in obtaining his confession; and (3) a denial of counsel at the preliminary hearing before the justice of the peace.

Relator's first contention is without merit. His conviction became final prior to *Escobedo v. Illinois,* 378 U.S. 478. We have held that *Escobedo* would not be given retroactive application. *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670; *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa. 419, 218 A. 2d 242. As to finality, see *Commonwealth ex rel. Keller v. Maroney,* 419 Pa. 318, 214 A. 2d 249; *Commonwealth ex rel. Green v. Myers,* 422 Pa. 294, 220 A. 2d 789. See *Linkletter v. Walker,* 381 U.S. 618; *Johnson v. New Jersey,* 384 U.S. 719, filed 6/20/66, 34 L.W. 4592.

Furthermore, relator's guilty plea in open Court while represented by counsel is a confession of guilt of the crime or crimes with which he is charged in the indictment and also constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. Ward v. Russell,* 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel. Swilley v. Maroney,* 420 Pa., supra; *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Adderley v. Myers,* 419 Pa. 536, 215 A. 2d 624; *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789; *Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528; *Commonwealth ex rel. Parker v. Myers,* 414 Pa. 427, 200 A. 2d 770.

On the issue of "coercion", relator alleges nothing more than the bare assertion that his rights were violated by "lengthy interrogational processes and making him physically sign a confession, that was later used against him." A petitioner must state not merely his conclusions but all relevant facts in support of the alleged error on which the petition is based. Cf. Post Conviction Hearing Act of January 25, 1966, §5(1), P. L. 1580, 19 P.S. §1180-5(1). The transcript of the

hearing in Court on the guilty plea discloses that relator signed the allegedly coerced statement three-quarters of an hour after the stabbing occurred. This fact was brought out on cross-examination. His allegation of coercion is completely unsupported by factual averments or by the record. Moreover, one who is on trial for a crime and while represented by counsel, fails to attack the voluntariness of his confession at the trial and there is no recognizable evidence of involuntariness, may not, long after the final stage of the direct litigation has passed, raise that issue. *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 207 A. 2d 810, and cases cited therein.

Relator's last contention is equally without merit. In Pennsylvania, the relator's appearance before a justice of the peace is not, in the absence of unusual and prejudicial circumstances, a "critical stage" in the proceedings. *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa., supra; *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa., supra; *Commonwealth ex rel. McCant v. Rundle*, 418 Pa. 394, 211 A. 2d 460; *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565.

We find no merit in any of relator's contentions.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.