Commonwealth ex rel. Walker, Appellant, *v.* Myers.

Submitted April 21, 1966. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edwin Walker,* appellant, in propria persona.

*Leslie J. Carson, Jr.* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:
This is an appeal from an Order by the Court of Common Pleas No. 8 of Philadelphia County, denying without a hearing relator's petition for a writ of habeas corpus.

Relator pleaded guilty to murder generally, while represented by two court-appointed counsel. On Sep-

tember 9, 1957, evidence was presented to the Court en banc in order to determine the degree of the crime and the penalty. A written statement in which relator admitted his complicity in the crime was introduced without objection at these proceedings. Relator was found guilty of murder in the first degree, and the Court sentenced him to life imprisonment.

The following allegations of constitutional violations are made by relator: (1) Failure to advise relator of his right to trial by jury; (2) his guilty plea was permitted to be entered unintelligently; (3) his aforesaid written statement was "coerced"; and (4) failure of the public authorities to provide counsel at the time relator signed the statement.

The affidavits of Court-appointed counsel disclosed inter alia that (a) they conferred with relator for two and one-half hours at the prison on August 20, 1957; (b) they discussed the possibility of a guilty plea with the Court, with counsel for other defendants in the same crime, and with the District Attorney at the time of the hearing; and (c) consulted with relator concerning his plea; and (d) advised him to plead guilty generally to the charge of murder; and (e) told him that under such a plea the matter would be heard and determined by a Court of three Judges.

Furthermore, one of relator's attorneys, Mr. Kanner, stated before the three Judge Court and in the presence of the relator what the effect of the plea would be: "May it please the Court, on behalf of Walker, we are at this time ready to plead and enter a plea of guilty, generally, to murder. And under the statutes, as I understand it, at this stage it is presumed to be second degree. The burden is on the Commonwealth to raise it to first, and the burden would be on the defendant to reduce it to manslaughter."

Under these facts and circumstances relator cannot now successfully deny the voluntariness of his plea

or successfully allege he was deprived of his Constitutional right to a trial by jury by the alleged failure to advise him that his case would be heard by three Judges instead of by a jury.

With respect to the contention of "coercion" he states no facts in support of this bare allegation but merely the legal conclusion. In the achievement of Justice and for the protection of Society, a petitioner-relator must state all relevant facts in support of the alleged error on which the petition is based. *Commonwealth ex rel. Manning v. Rundle*, 422 Pa. 297, 220 A. 2d 814 (1966). Cf. *Post Conviction Hearing Act of January 25, 1966*, Section 5(1), P. L. 1580, 19 P.S. §1180-5(1).

Relator's allegation of lack of counsel at the time he made his written statement is also completely devoid of merit. His written statement was admitted without objection at his murder trial when represented by counsel and after he had pleaded guilty. Relator's guilty plea in open Court while represented by counsel is a confession of guilt of the crime or crimes with which he is charged in the indictment and also constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. Ward v. Russell*, 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa. 419, 218 A. 2d 242; *Commonwealth ex rel. Hobbs v. Russell*, 420 Pa. 1, 215 A. 2d 858; *Commonwealth ex rel. Adderley v. Myers*, 419 Pa. 536, 215 A. 2d 624; *Commonwealth ex rel. Sanders v. Maroney*, 417 Pa. 380, 207 A. 2d 789; *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d 528; *Commonwealth ex rel. Parker v. Myers*, 414 Pa. 427, 200 A. 2d 770.

Moreover, relator's conviction became *final* prior to *Escobedo v. Illinois*, 378 U.S. 478, and we have repeatedly held that *Escobedo* would not be given retroactive application. *Commonwealth v. Negri*, 419 Pa.

304

117, 213 A. 2d 670; *Commonwealth ex rel. Swilley v. Maroney*, 420 Pa., supra. As to finality, see *Commonwealth ex rel. Keller v. Maroney*, 419 Pa. 318, 214 A. 2d 249; *Commonwealth ex rel. Green v. Myers*, 422 Pa. 294, 200 A. 2d 789; *Linkletter v. Walker*, 381 U.S. 618. See *Johnson v. New Jersey*, 384 U.S. 719, filed 6/20/66, 34 L.W. 4592.

We find no merit in any of relator's contentions.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.