## Commonwealth ex rel. Faulk, Appellant, *v.* Myers.

Submitted November 18, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ralph H. Faulk,* appellant, in propria persona.

*Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION PER CURIAM, January 4, 1967:

On February 4, 1957, Ralph H. Faulk was brought to trial on indictments charging murder, carrying a concealed weapon, aggravated assault and battery, and assault and battery with intent to murder. He was represented at the trial by Mitchell W. Miller, Esq. and M. Stuart Goldin, Esq., court-appointed counsel. On advice of counsel, he pleaded guilty to murder generally and to carrying a concealed deadly weapon and aggravated assault and battery. The trial judge heard evidence to determine the degree of guilt. A confession made by Faulk was admitted against him without any objection by Faulk or his counsel. The court found Faulk guilty of murder in the second degree and sentenced him to ten to twenty years on the murder charge.

He sentenced him also to three and one-half to seven years on the assault and battery charge; and six months on the charge of carrying a concealed deadly weapon, all sentences to run consecutively.

The defendant took no appeal. On December 22, 1965, he filed a petition for writ of habeas corpus contending that his constitutional rights were violated in that the confession used against him had been obtained by the police after indictment against him and without the presence of an attorney, also that the police employed threats and coercion to obtain the confession.

The Commonwealth's position is as follows: "Since the rule of Escobedo v. Illinois is not retroactive the fact that he was interrogated while without counsel is insufficient reason to invalidate his confession. Commonwealth ex rel. Green v. Myers, 422 Pa. 294 (1966).

"In any event, appellant's bald assertion, nine years after his case was heard that the police used threats and coercion to obtain his confession is not only without merit, but also legally insufficient to render his confession inadmissible. Commonwealth ex rel. Manning v. Rundle, 422 Pa. 297 (1966). The record (N.T. 122-123) clearly shows that appellant was warned that anything he said might be used against him and that no coercion, physical or psychological, was exerted on him.

"In the three recent cases cited above, Walker, Green, and Manning, this Honorable Court decided that where a defendant whose conviction became final prior to Escobedo, pleaded guilty while represented by counsel, and failed to object to the statement at the time of its admission, he may not, in a subsequent petition for a writ of habeas corpus, contest the voluntariness of the confession on the ground of lack of counsel coupled with a bald allegation of coercion."

The court below agreed with the Commonwealth that the plea of guilty to the indictment constituted

not only an admission of guilt and of all the facts averred in the indictment but also a waiver of all non-jurisdictional defects and defenses. The court concluded: "Relator's allegations raise no question of jurisdiction, nor do they raise any question as to whether the substantive offense was committed. Neither does Relator's petition cast any doubt on the voluntary nature of the guilty plea. Accordingly, there is nothing in the petition which takes this case outside the rule recited above, and we dismissed the petition."

We agree with the action of the court below.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.