**UNITED STATES of America ex rel.
Joseph Lee SHAFFER, Jr.**

v.

**Angelo C. CAVELL, Superintendent, State
Correctional Institution at Rockview.**

**Civ. 67–1341.**

United States District Court
W. D. Pennsylvania.

Nov. 22, 1967.

Joseph Lee Shaffer, Jr., C–8459, pro
se.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The relator, Joseph Lee Shaffer, Jr., alleges that he pleaded guilty to three charges of larceny and is serving the sentences pronounced by the criminal court of Indiana County, Pennsylvania.

He has applied to this federal court for a writ of habeas corpus alleging that he is being held in custody unlawfully on the grounds that (1) his court-appointed counsel was incompetent in that the only time the petitioner was interviewed by him was on the day of the hearing; (2) a plea of guilty was illegally induced because counsel was not present and petitioner at the time was under the influence of alcohol and suffering from a head injury; [1] and (3) petitioner was denied the right of appeal.

The third ground was not presented to the state court.

Prior to applying for the present writ, the relator on two occasions had applied for relief under the Pennsylvania Post Conviction Hearing Act to the Common Pleas Court of Indiana County. His applications were denied without hearing. The petition presented to this federal court, except as noted in f.n. 1 supra, contains only conclusionary averments; it does not contain any facts which would entitle relator to a writ of habeas corpus. Also, it does not appear that relator has appealed the decisions of the lower state court to any state appellate court, and, therefore, relator has not exhausted his state remedies. United States ex rel. Ackerman v. Johnston, 235 F.2d 958 (3d Cir. 1956), affg. 139 F.Supp. 890 (W.D. Pa.1955); Goodwin v. Holman, 361 F.2d 403 (5th Cir. 1966); Uhler v. Berks 1965); Commonwealth ex rel. Manning v. Rundle, 422 Pa. 297, 220 A.2d 814 (1966); Budd v. Rundle, 267 F.Supp. 49 (E.D.Pa.1967); United States ex rel. Peterson v. Russell, 266 F.Supp. 93 (W.D.Pa.1967).

---

1. The plea alluded to and the facts specified took place at a hearing before a Justice of the Peace. Appearance before a Justice of the Peace is not a critical stage of a criminal proceeding in Pennsylvania. United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir.

County Court, 230 F.Supp. 211 (E.D.Pa. 1964).

For these reasons, his petition for the writ will be dismissed. An appropriate order will be entered.

