Commonwealth *v.* Burgess, Appellant.

Argued November 16, 1971.   Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William Killeen,* with him *Kenneth S. Harris,* for appellant.

*Judith Dean,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 20, 1972:

On April 3, 1966, in the early morning, three men crept into the home which a fourteen-year-old girl shared with her mother and her seventy-nine-year-old grandmother. The three men brutually attacked and raped the two younger women and viciously beat the older woman. They then took a few possessions, including a table radio and some jewelry, and fled.

The young girl managed to call from a window to a late-returning neighbor, who telephoned the police. When the police arrived at the scene, the grandmother was lying on the floor in the kitchen in a badly battered condition, with multiple lacerations on her head, six fractured ribs, and multiple hemorrhages of her brain. She died nineteen days later as a result of the beating. Appellant and one of his companions were picked up three blocks away walking with the radio and some other stolen objects. The third man was arrested subsequently. All three were originally charged with burglary, robbery, rape and conspiracy, but when the older woman died, the three men were also indicted for murder.

When appellant came to trial, separately, on August 22, 1966, he pleaded guilty to murder generally. A three-judge panel then found him guilty of murder in the first degree and sentenced him to death.

After a series of proceedings which need not concern us, a hearing was held on appellant's motion for new trial on the grounds that a city technician, Agnes Mallatratt, gave perjured testimony, and on appellant's petition to file, nunc pro tunc, a motion to quash the indictment. The three-judge panel denied appellant's motion and petition. From this ruling appellant now appeals.

Appellant first contends that he was denied the right to challenge the array of the grand jury which indicted him, as is required by Rule 203 of the Pennsylvania Rules of Criminal Procedure. He bases this contention on our decision in *Commonwealth v. Dessus*, 423 Pa. 177, 224 A. 2d 188 (1966), and on the fact that the grand jury which indicted him was sworn prior to the day he was arrested for murder, thus depriving him of the right to challenge the array of that grand jury.

However, in *Dessus*, which involved one of appellant's co-felons, who was indicted on the same day as appellant, the defendant, Ronald J. Dessus, moved to quash his indictment on August 16, 1966, before he went to trial. Here, appellant proceeded to trial on that indictment on a plea of guilty, making no objection of any kind to the indictment until March, 1967, nearly seven months after trial. Our rule in *Dessus*, in which we gave a liberal interpretation to Rule 203, was enunciated "in order to preserve, if *promptly* exercised, [a defendant's] legal and constitutional right to challenge the grand jury array." (Emphasis supplied.) Here, where appellant waited until seven months after trial to attempt to exercise his rights, we believe those rights have been waived. See *Commonwealth v. Marmon*, 210 Pa. Superior Ct. 202, 232 A. 2d 236 (1967). A plea of guilty knowingly made constitutes an admission of guilt and is a waiver of all

nonjurisdictional defects and defenses. *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967) ; *Com. ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528 (1964).

Appellant's second contention is that he should be allowed to withdraw his guilty plea because, he alleges, it was based upon the opinion of Mrs. Agnes Mallatratt, a laboratory technician, who was later determined to have perjured herself about her credentials. However, appellant has failed to convince us that his confession depended upon Mrs. Mallatratt's credentials. After all, in addition to Mrs. Mallatratt's identification of stains on appellant's clothing as being human blood and seminal fluid, the Commonwealth also presented the following evidence:

Eyewitness identifications of appellant by the fourteen-year-old girl and her mother.

Testimony by Commonwealth physicians that the two living victims had been subjected to sexual attacks.

Discovery of appellant with articles from the victims' home, including the key to the home which appellant, while painting a house next door, had surreptitiously removed from the front door where the fourteen-year-old girl had left it.

Substantiation of some of Mrs. Mallatratt's testimony by other expert witnesses.

Appellant also makes a motion for a remand of his case for reconsideration of sentence. In the brief filed in support of this motion, appellant argues that the sentencing court, in imposing the death penalty, committed an abuse of discretion because his two co-felons received life sentences and because the sentencing court based its decision on the horrible nature of the crime rather than the specific circumstances surrounding appellant himself, citing *Commonwealth v. Green,* 396 Pa. 137, 151 A. 2d 241 (1959). However,

unlike the situation in *Green,* the record here is replete with, in the words of *Green,* "evidence of the [appellant's] background, his home environment, the economic circumstances under which he was reared, his scholastic record; in short, what . . . this boy, now a convicted murderer, [was] really like prior to the commission of this crime." (At page 149).

Appellant admits this, but argues that the court could not have reached its decision if it had considered the facts contained in the record. However, the sentencing court stated that the decision was reached "upon full consideration of all the evidence submitted to the court upon the matter of the appropriate penalty."

As required by the Act of February 15, 1870, P. L. 15, §2, 19 P.S. §1187, we have reviewed the record in its entirety, including the evidence bearing upon penalty. In that connection, "the point for consideration [on appeal] is not whether this Court would have imposed the death penalty but whether the discretion vested in the court below was judicially exercised. . . ." *Green, supra,* at 145-46, quoting *Commonwealth v. Howell,* 338 Pa. 577, 580, 13 A. 2d 521 (1940).

Judgment of sentence affirmed.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.