J-A08014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN EDWARD FELICETTY | : | |
| | : | |
| Appellant | : | No. 53 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 9, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No:  CP-02-CR-0002273-2021

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: July 27, 2023**

Appellant, Shawn Edward Felicetty, appeals from the judgment of sentence the Allegheny County Court of Common Pleas entered on December 9, 2021.  In this direct appeal, Appellant's counsel filed a motion for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  Therefore, we grant counsel's motion to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

On May 26, 2021, Appellant was charged with Count 1, DUI (high rate of alcohol, 4th or subsequent offense); Count 2, DUI (general impairment, 4th or subsequent offense); Count 3, Driving while operating privilege is suspended (BAC .02 or greater, 2nd offense); and Count 4, Operation of Vehicle without valid inspection.

On August 19, 2021, while represented by the Office of the Public Defender (Jennifer Suder, Esquire), Appellant filed a *pro se* Writ of *Habeas Corpus*, arguing that the charges against him should be dismissed because the complaint had been filed outside the five-day period set forth in Pa.R.Crim.P. 519. On September 14, 2021, the trial court granted Attorney Suder's motion to withdraw and appointed Sarah Krolikowski, Esquire.

On December 9, 2021, Appellant appeared before the trial court and, following a colloquy, he elected to proceed *pro se* with Attorney Krolikowski acting as stand-by counsel. Appellant then proceeded to argue his petition for *Habeas Corpus*, which the trial court, following a hearing, denied.

Appellant then pled guilty to Count 1, and an amended Count 3, Driving while operating privilege is suspended or revoked (BAC .02 or greater), a summary offense pursuant to 75 Pa.C.S.A. § 1543(b)(1). Counts 2 and 4 were withdrawn by the Commonwealth. Pursuant to the negotiated plea, Appellant was sentenced to a term of one to seven years' incarceration, which included 241 days' credit for time served, and the mandatory minimum fine of $1,500. He also was sentenced to the mandatory fine of $1,000 for the violation of 75 Pa.C.S.A. § 1543(b)(1).

This appeal followed. Appointed counsel filed a statement of errors pursuant to Rule 1925(c)(4), raising the same issues raised before us. Subsequently, counsel filed an *Anders* brief along with a motion to withdraw. Appellant has not filed a response to counsel's motion to withdraw.

Before we may consider the merits of Appellant's challenges, however, we must address the adequacy of counsel's compliance with *Anders* and *Santiago*. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

As this Court directed in *Commonwealth v. Orellana*, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter

- 3 -

that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Id.** at 879-80 (citation and internal quotations omitted).

Counsel's brief substantially complied with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. Accordingly, all **Anders**' requirements are satisfied.

Appellant raises the following issues for our review:[1]

1. Whether the trial court erred and/or abused its discretion by denying the Writ of Habeas Corpus when all of the facts of prejudice were shown in the Writ and the Commonwealth defaulted on the Writ pursuant to Federal Rule 55; being Writ of Habeas Corpus is a civil judgment complain under state rule and federal guidelines still apply?

2. Whether the trial court erred and/or abused its discretion by failing to find that the Commonwealth defaulted when Appellant filed a Motion to Compel and a Motion of Default to respond to Appellant's Writ of Habeas Corpus in which the Commonwealth did no reply or did the Commonwealth reply in the December 9, 2021 hearing which put them in default and Appellant was against Judge Bigley, not the Commonwealth which automatically stipulated to the facts of the Writ of Habeas Corpus as true because of the default?

3. Whether the court lacked subject matter jurisdiction due to the violation of Pennsylvania Rule of Criminal Procedure 519?

---

[1] We have rearranged the order of Appellant's issues for ease of disposition. The issues are, however, reproduced verbatim.

- 4 -

4. Whether the trial court erred and/or abused its discretion by practicing law from the bench when the court never ruled upon Appellant's Motion to Compel or Motion of Default when it clearly states the Commonwealth has 3-20 days to respond to a Writ of Habeas Corpus or they are in default?

5. Whether the trial court abused its discretion in sentencing Appellant to a harsh sentence of five to twelve years of incarceration? Whether the trial court erred and/or abused its discretion when Appellant had to converse with the court whom was not fair and impartial because the Writ of Habeas Corpus was never reviewed before December 9, 2021 in which there were several grounds of prejudice shown in the Writ but still was denied with a biased decision?

6. Whether the charges filed have extreme prejudiced which is shown in the Writ of Habeas Corpus and Appellant was not or could not have received a fair trial?

7. Whether the prosecution was vindictive due to the facts of the Writ of Habeas Corpus being denied and an overwhelming amount of prejudice was shown with the violation of Pennsylvania Rule of Criminal Procedure 519?

8. Whether the plea bargain was unlawfully induced when Appellant knew that with a denial of the Habeas Corpus that he could not have a win and the court advised Appellant that if he took a jury trial he would have to wait until August of 2022 in which the charge carried a maximum mandatory one (1) year – Appellant would have been in jail for eighteen (18) months just to get back to court with no guarantee of a resolution of the charges?

Appellant's Brief at 5-6.

At the outset we note that the first seven issues all deal with Appellant's

unsuccessful *pro se* Writ of *Habeas Corpus* relief petition. We need not

- 5 -

consider the merits of these issues because Appellant is prohibited from challenging pre-trial rulings in light of his negotiated guilty plea.[2]

"Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018); *see also Commonwealth v. Cruz*, 2019 WL 3731672, unpublished memorandum (Pa. Super. filed August 8, 2019, at *4)[3] ("Challenges to pre-trial rulings such as denial of habeas corpus are not cognizable after the entry of a guilty plea") (citing *Commonwealth ex rel. Adderley v. Myers*, 215 A.2d 624, 625 (Pa. 1966)).[4]

_____

[2] It is undisputed that Appellant entered a negotiated guilty plea, N.T., 12/9/21, at 24, 28, and that the trial court sentenced Appellant to the agreed-upon sentence. *Id.* at 32.

Additionally, the written guilty plea colloquy specifically addressed the issue of pretrial motions. Indeed, Appellant was informed that "[b]y pleading guilty, you give up the right not only to file pretrial motions, but also you abandon or give up any pretrial motions already filed and not decided yet and any pretrial motions in which decisions were already made. Do you fully understand this?" Appellant wrote, "Yes." Written Guilty Plea Colloquy, 12/9/21, at 5.

[3] *See* Pa.R.A.P. 126(b)(1) (Superior Court may rely on unpublished memorandum decisions filed after May 1, 2019, for their persuasive value).

[4] In his fifth issue, Appellant also challenges the harshness of his sentence. Appellant waived any challenge to the discretionary aspects of his sentence. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms[,] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to
*(Footnote Continued Next Page)*

In his last claim, Appellant argues that his guilty plea was unlawfully induced on two grounds: (i) the denial of his *Habeas Corpus* petition, which signaled to him that "he could not have a win" at a trial and (ii) the trial court's indication that if he took a jury he would have to wait until August of 2022 for a trial with no guarantee of resolution of the charges. As noted by defense counsel, the issue is waived because it was not presented to the trial court in the form of an objection at the time of the plea or in a post-sentence motion. Additionally, counsel noted, the claim is meritless. We agree.

The instant claim was raised for the first time in the Rule 1925(b) statement. As such, the claim is waived.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, [] 352 A.2d 140, 141 (Pa. Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to

_____

challenge a sentence the defendant knew was a proper consequence of his plea."); **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); **Commonwealth v. Baney**, 860 A.2d 127, 131 (Pa. Super. 2004) (appellant may not challenge discretionary aspects of sentence when negotiated plea included terms of his sentence), **appeal denied**, 877 A.2d 459 (Pa. 2005); **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under terms of negotiated plea agreement).

withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013).

In light of the foregoing, Appellant cannot obtain review of his claim on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. Accordingly, we decline to review Appellant's challenge to his guilty plea.

Even if not waived, the claim lacks merit. To be valid, a plea must be voluntary, knowing, and intelligent. ***Commonwealth v. Persinger***, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

In **Commonwealth. v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011), this Court explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Id.* at 1047 (Pa. Super. 2011) (citation omitted).

Upon review of the notes of testimony of the guilty plea hearing, along with the written guilty plea colloquy, Appellant's Brief at 52-55, defense counsel concluded that Appellant's plea was knowing, voluntary, and intelligent. Similarly, the trial court noted that "given [Appellant]'s answers to the written and oral guilty plea colloquy[,] I was satisfied that his guilty plea was knowing, intelligent and voluntary." Trial Court Opinion, 5/9/22, at 3. Our review of the record confirms that the trial court's and defense counsel's analysis and conclusions are supported by the record and that

Appellant's guilty plea was indeed knowing, intelligent, and voluntary. **See** N.T. Guilty Plea, 12/9/21, at 24-28; Written Guilty Plea Colloquy, 12/9/21, 1-13.

We have conducted an independent review of the record and have addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issues Appellant seeks to litigate in this appeal are without merit, and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's motion to withdraw.

Counsel's motion to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2023