Teddy W. Airhart, Jr., Asst. Atty. Gen., State of Louisiana, Baton Rouge, La., for respondent.

**Henry James DOUCET**

v.

**J. Wayne ALLGOOD, Warden.**

**Misc. No. 823.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 27, 1965.

WEST, District Judge:

An evidentiary hearing was held in this case on July 12, 1965, on plaintiff's application for a writ of habeas corpus. Plaintiff is serving three two-year sentences running consecutively at Louisiana State Penitentiary after having pleaded guilty to three counts of theft. When first brought into Court for arraignment, petitioner, without counsel, pleaded "not guilty" and requested trial by jury. At that time the Judge of the Thirty-First Judicial District Court for the Parish of Jefferson Davis, Louisiana, appointed W. G. Arnette, Esq., Attorney at Law, to represent the plaintiff. About one month later, plaintiff was again brought before the Court, accompanied by this attorney, at which time he withdrew his plea of "not guilty" and while represented by counsel, changed his plea to "guilty."

The minutes of the State Trial Court reflect that that Court carefully inquired of plaintiff as to whether or not he understood the charges against him and accorded him his right of allocution. After thus interrogating plaintiff, the Court accepted his guilty plea and sentenced him to two years on each of the three counts.

Plaintiff now complains that he was convicted of a felony when only a misdemeanor had been committed. This contention is without merit. The sentences imposed were in accordance with State law. He complains that he was held for three weeks before finally being arraigned. This is not so, according to the record, but even if it were, a three-week delay would not necessarily violate any constitutionally protected right, particularly, as in this case, where no confession was given and where no other prejudice resulted from the delay. Lastly, petitioner complains that his court-appointed attorney did not file any motions in his behalf. There are many cases, such as this one, where no motions are indicated. Petitioner was represented by an able, qualified attorney throughout the proceedings against him. There is no showing whatsoever that he was not represented by able, competent counsel. This Court finds no evidence of any deprivation of any of plaintiff's federally protected rights and hence, his application for habeas corpus must be denied.

Judgment will be entered accordingly.