UNITED STATES of America ex rel.
Clarence E. WILLIAMS

v.

Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.

Misc. No. 3433.

United States District Court
E. D. Pennsylvania.

Jan. 5, 1967.

Clarence E. Williams, pro se.

No appearance entered for respondent.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Relator is presently confined in the State Correctional Institution at Huntingdon, Pennsylvania. He initially filed his petition for habeas corpus with the district court of the Middle District of Pennsylvania. Since relator had been sentenced by the Philadelphia courts, Judge Frederick V. Follmer of the Middle District, in an order dated December 15, 1966, transferred the petition to this district pursuant to 28 U.S.C.A. § 2241(d).

Relator filed his petition on the *mimeographed* form provided by the Middle District. The format is similar to that employed in this district. In response to the form request to state in detail the facts supporting the allegation of unlawful custody, relater replied:

"Petitioner was deprived of Constitutional due process in that the police refused to take him before a magistrate for a prompt preliminary hearing. The police waited 48 hrs. to give him a hearing because they interrogated him and held him incommunicado to try and pressure him to admit he was guilty and to sign a statement which he refused to do."

The above excerpt is the most complete fact development presented in the petition as a possible ground for habeas corpus relief. Such facts advance only a single contention—that relator has been denied due process because of a failure to provide him with a prompt preliminary hearing. On the facts presented in relator's petition, his contention is without merit. A mere forty-eight hour delay, without any further indication of prejudice, does not violate any constitutionally protected right that would entitle relator to habeas corpus relief. Masters v. Eide, 353 F.2d 517 (8th Cir. 1965) (delay of 2½ weeks); Doucet v. Allgood, 244 F.Supp. 273 (E.D.La.1965) (delay of 3 weeks).

Relator's petition is devoid of any indication of prejudice stemming

from the delay. Conceivably, delay in obtaining a preliminary hearing may work a hardship on an accused. In Pennsylvania, the preliminary hearing serves as a mechanism for providing a preliminary determination of whether the evidence supports the charge brought against the accused. See, United States ex rel. Patrick v. Rundle, 248 F.Supp. 757 (E.D.Pa.1965). The greatest hardship would be encountered when one is charged on the basis of spurious evidence. Prejudice can also result when the delay prior to the preliminary hearing reaches such proportions as to serve as a postponement of trial and thus infringes upon the right to a speedy trial. However, relator has not presented any facts demonstrating prejudice to him. He does not challenge the fairness of his trial, nor does he contend that his trial was unduly delayed. Further, he does not indicate that the delay in obtaining a preliminary hearing occasioned a coerced plea of guilty or an involuntary confession. Quite to the contrary, the petition states unequivocally that no confession was obtained and that relator was convicted after the entry of a plea of not guilty.

Absent any allegation of prejudice stemming from the delay, relator's petition is frivolous. It is not the function of this court to enter the realm of hypothesis and conjecture and attempt to imagine possible factors of prejudice to relator which resulted from the forty-eight hour delay. Without additional facts, further proceedings on the present petition become pointless and relator's petition, at this time, must be denied. This determination is not intended to bar relator's presenting at a future date additional facts which would adequately demonstrate prejudice stemming from the delay preceding his preliminary hearing.

### ORDER

And now, to wit, this 5th day of January, 1967, it is ordered that relator's petition for habeas corpus is denied, without prejudice.

And it is so ordered.