**Russell P. BUDD,**

v.

**Mr. A. T. RUNDLE.**

**Misc. No. 3090.**

United States District Court
E. D. Pennsylvania.

May 2, 1967.

Russell P. Budd, pro se.

No appearance for respondent.

## OPINION

JOSEPH S. LORD, III, District Judge.

On October 1, 1965, relator filed his petition for a writ of habeas corpus in this court. He had earlier been denied a writ by the Court of Common Pleas of Butler County, but since the time for appealing from that order had not yet run, we ordered, on October 7, 1965, that the federal petition be held in abeyance pending exhaustion of state remedies. Instead of appealing the state order, relator filed a new petition for habeas corpus in Butler County. This was denied on June 23, 1966. It does not appear that any appeal was taken from this order. We will not pause to consider

**50**

whether relator deliberately by-passed state remedies; the grounds now asserted are so obviously without merit that we may deny the writ without affront to considerations of comity. United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (C.A. 3, 1964).

■ 1. *The bill of indictment was defective.* Federal habeas corpus will not lie to test the sufficiency of a state indictment. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006 (S.D.N.Y., 1966).

■ 2. *Lack of counsel at the preliminary hearing.* In Pennsylvania, the preliminary hearing is not a critical stage of the proceedings and counsel is not constitutionally required. Commonwealth ex rel. Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (C.A. 3, 1965); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D. Pa., 1964), aff'd, 341 F.2d 303 (C.A. 3, 1965).

3. *A confession used during the trial was unconstitutionally obtained.* In a recorded statement with a question and answer format given to the police, relator admitted that he was present when the murder was committed but denied personal participation in the murder act. Indeed, relator claimed in his statement that he did not learn of the murder until the following day, although he did admit that he was at the deceased's home with an accomplice for the purpose of stealing money. Relator's testimony at trial was substantially the same as the recorded statement. Relator's counsel explicitly stated that he did not object when the Commonwealth proposed playing the recording to the jury.[1] Not only did the defense permit the recording to be played without objection, it requested that a typed transcript be made available to the jury lest they miss something because of background noises on the tape.[2]

■ It is clear that the admission of relator's statement represents a "deliberate bypassing by counsel of the contemporaneous-objection rule as a part of the trial strategy." Henry v. State of Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965). Having admitted on the stand his participation in a felony murder, relator's only hope was to convince the jury that he did not strike the fatal blow and so possibly avoid the death penalty. The statement, taken shortly after the crime, was a prior consistent statement, normally inadmissible. 4 Wigmore, Evidence § 1124 (3d Ed. 1940). It was powerful corroboration of the testimony at trial which he invited the jury to believe. "The concatenation of the relator's voluntary testimony consistent with his earlier statement and counsel's failure to object to the statement lead inescapably to the sole inference that the failure to object was a deliberate by-passing of the state rule as a part of trial strategy." United States ex rel. Parker v. Rundle, 259 F.Supp. 420, 422 (E.D.Pa., 1966).

■ 4. *Relator was held incommunicado for five to six days.* Incommunicado detention is significant here only if it resulted in an involuntary confession, used at trial without waiver by relator of his constitutional rights. Cf. generally, United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1943); see also Masters v. Eide, 353 F.2d 517 (C.A. 8, 1965); Doucet v. Allgood, 244 F.Supp. 273 (E.D.La., 1965);

---

1. "By Mr. Painter: At this time Commonwealth proposes to offer to play to this jury the two tape recordings in question, as being statements made by this defendant * * * one made by Budd, one made by Henderson in Budd's presence.
   "By Mr. Landy (defense counsel): There is no objection to the statement made by Budd * * *." (N.T. 218).

2. "Mr. Landy: At this time I would like to ask that, because of the fact the recording machine picked up some outside sounds at certain portions of it, that a transcript which is available be provided for defense counsel, and even for the jury." (N.T. 357).

United States ex rel. Williams v. Russell, 264 F.Supp. 505 (E.D.Pa., 1967). We have already demonstrated that such was not the case, for the defendant's counsel, as part of trial strategy, insisted that the statement go to the jury in a completely understandable form. The detention, then, if it occurred, has no constitutional impact. The recording itself, however, reveals through questions and relator's own answers that it was made within hours after relator's arrest.

Analysis of the grounds asserted for relief and a careful scrutiny of the state record have convinced us that, for the foregoing reasons, the writ must be denied.

It is so ordered.