**UNITED STATES of America ex rel. Adam STAMM**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 3548.**

United States District Court
E. D. Pennsylvania.

July 25, 1967.

state indictment. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); Budd v. Rundle, 267 F.Supp. 49 (E.D.Pa.1967); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006 (S.D.N.Y.1966).

2. *Relator's plea of guilty was not voluntary because induced by improper conduct on the part of his attorney.*

█ Relator charges that his attorney advised him that a "deal" had been arranged with the District Attorney and the Judge under which relator would receive a sentence of not more than five years imprisonment if he pleaded guilty. This issue was explored by the state court on a petition for writ of habeas corpus and was rejected. Commonwealth ex rel. Stamm v. Myers, C. P. Berks Co., Nov. Term 1965, No. 16, aff'd per curiam, 424 Pa. 638, 227 A.2d 499 (1967). This court is satisfied that the state court afforded relator a full and fair hearing on that charge. There is ample evidentiary support for its findings. No hearing is therefore required on that charge by this court. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

3. *A judge who had not heard any testimony or observed any of the witnesses participated in determining the degree of the offense after relator changed his plea to guilty.*

█ This allegation stems from the fact that Judge Body, then a member of the Berks County Court, now a member of this court, sat with Judge Hess when the latter announced his decision as to the degree of the offense after the change of plea.

It is questionable whether this charge raises a constitutional issue at all, but it is so lacking in factual foundation that it is not necessary to consider the constitutional implications. The charge seems to be based entirely on the fact that Judge Body was present and that Judge Hess used the editorial "we" at the time of sentencing. It is clear from the state court records that Judge Body's role was completely passive. At the hear-

Adam Stamm, in pro. per.

Ralph J. Althouse, Jr., Asst. Dist. Atty. of Berks County, Reading, Pa., for respondent.

## OPINION

LUONGO, District Judge.

This petition for writ of habeas corpus charges that relator's confinement under sentence of life imprisonment for murder is in violation of his constitutional rights. Four grounds were asserted as the basis for grant of the writ. A hearing was held and evidence received on only one of the grounds, no hearing being deemed necessary as to the other three.

1. *The indictments were defective.*

█ This ground was not inquired into since federal habeas corpus is not appropriate to test the sufficiency of a

ing on the state habeas proceeding, Judge Hess categorically stated that he alone had made the decision; and that he had prepared a written memorandum of the reasons for his decision prior to ascending the bench with Judge Body. Nevertheless, at my request Judge Body appeared at the hearing on the instant writ and, with relator's consent, made an unsworn statement. Judge Body stated that while he had no independent recollection of the event, his review of the state court record satisfied him that he sat with Judge Hess, but did not participate in determining the degree of the offense or the sentence.

4. *Improper use of coerced confession.*

The fourth ground advanced by relator is inarticulately stated, but may be broken down into two assertions. First, that his confession, unlawfully obtained, induced his plea of guilty. Second, that the confession was improperly admitted into evidence at the hearing held to determine the degree of the offense. The evidence taken at the hearing on this writ was restricted to these contentions.

Relator's allegation that the statement obtained from him by the District Attorney of Berks County was involuntary and coerced is based on the following assertions; that he was taken into custody at 4:00 p. m. after a sleepless night and a full day of work and questioned intensively for several hours; that due to his lack of formal education and a style of speech peculiar to the Pennsylvania Dutch region some of his answers were not properly understood; that he signed some papers (which turned out to be his confession) after he was repeatedly told that he would not be permitted to see a lawyer or his family until he signed; and that he was not familiar with the contents of the papers which he signed without reading because he did not have his eye glasses.

■■ It should be noted that relator's conviction became final in 1961, and therefore the rulings in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758,

12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not applicable. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966). Of course, relator's allegation that he was denied the right to counsel during his interrogation may be considered in determining whether or not his confession was voluntary. See Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

■ Relator has not satisfied me that his confession was involuntary, but even assuming that it had been obtaind by coercion, he would not, by that fact alone, be entitled to the grant of the writ. A guilty plea, knowingly and voluntarily entered, constitutes an admission of guilt and is a waiver of all non-jurisdictional defects and defenses. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1956). It is relator's burden to establish that the guilty plea was not voluntarily and knowingly entered. Merely establishing that a confession was coerced is not sufficient to render a guilty plea involuntary, it must be shown that the coerced confession played a substantial role in bringing about or inducing the subsequent plea of guilty. United States v. Morin, 265 F.2d 241 (3d Cir. 1959); Brown v. Turner, 257 F.Supp. 734 (E.D.N.C.1966).

■ After giving the statement to the Berks County District Attorney, relator retained private counsel and went to trial. It was not until after three days of trial that he changed his plea to guilty. At the hearing before me, relator was repeatedly asked what part the statement played in inducing the guilty plea. In response, relator reiterated what he had testified to at the state habeas corpus hearing, i. e. that the change of plea was motivated by his attorney's assurance that a "deal" had been made for the imposition of a light sentence. Relator was reminded several times that this court would not go into that charge. Finally, relator asserted

that his attorney advised him to plead guilty because in light of the statement that had been given to the District Attorney, there was a likelihood that he might receive the death penalty.

Relator impressed me as an intelligent and shrewd person, notwithstanding his limited formal schooling. He testified that he was ignorant of the nature of the information contained in the statement and claimed that he changed his plea without asking his attorney what was in the statement that was so damaging. Relator's testimony is simply incredible. I believe he was thoroughly familiar with the content of the statement. I do not believe that he signed it in the first instance without having read it, and I certainly do not believe that, after several days of trial, he changed his plea on the basis of a statement with whose content he was unfamiliar without even asking his attorney to tell him what was in it. I am satisfied from the record that relator's change of plea was not induced by his confession, but rather was attributable to the weight of the evidence against him at the trial and his concern that a jury might recommend a sentence of death.

▊▊▊▊ Relator's second objection concerning his allegedly coerced confession is that it was improperly admitted into evidence at the hearing held to determine the degree of the offense. A defendant who pleads guilty to murder does not waive the right to object to the admission of improper evidence which will bear on the degree of the offense. Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 207 A.2d 789 (1965). Relator's statement was admitted in evidence by agreement at the hearing on the guilty plea. He also took the stand and testified to substantially [1] the same information as he had given in the statement. It is apparent that the failure to object to the allegedly inadmissible statement was a part of trial strategy or tactics, and is a

waiver of the right to vindicate the federal claim. Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Budd v. Rundle, supra; United States ex rel. Parker v. Rundle, 259 F.Supp. 420, 422 (E.D.Pa.1966).

Having pleaded guilty, it was in relator's best interest to present facts in mitigation of the degree of the offense and of the sentence. Both in his statement and at the hearing, relator's testimony was to the effect that the killings were not premeditated, but were committed in the heat of an altercation arising when he discovered his paramour in bed with another man. The prior consistent statement, which would otherwise have been inadmissible, furnished some corroboration for that testimony. I am satisfied that relator was thoroughly familiar with the contents of the statement and that he acquiesced in counsel's decision to permit the statement to be used at the hearing on his guilty plea.

The petition for writ of habeas corpus will be denied.

---

1. The only material difference is that at the hearing relator's testimony implicated his son, Robert, whereas in the statement he gave to the District Attorney, he claimed that Robert was not at or near the scene of the crime.