**UNITED STATES of America ex rel. Russell P. BUDD, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 16902.**

United States Court of Appeals Third Circuit.

Submitted on Briefs May 20, 1968.

Decided July 2, 1968.

Russell P. Budd, pro se.

Robert L. Hawk, Asst. Dist. Atty., John H. Brydon, Dist. Atty., of Butler County, Butler, Pa., for appellee.

## OPINION OF THE COURT

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

 This appeal is from denial of a writ of habeas corpus, D.C., 267 F. Supp. 49, which arose out of a Commonwealth of Pennsylvania conviction for murder. On February 25, 1953 the woman victim died as a result of strangulation and fifteen stab wounds. Four men, including appellant and one woman were arrested for the murder. Appellant's trial on that charge commenced June 22, 1953. He was represented by three attorneys. He was convicted and sentenced to life imprisonment. There was no appeal from that judgment. On June 16, 1964, almost eleven years later, appellant filed a petition for habeas corpus in the state court which was denied. Thereafter he filed such petition in the court below. In that pleading he alleged that the state indictment was defective which is no ground for the Federal application. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925). He also alleged lack of counsel at the state preliminary hearing. Counsel is not constitutionally required in a Pennsylvania preliminary hearing which is not a critical phase of the proceedings. Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa., 1964), aff'd 341 F.2d 303 (3 Cir. 1965). A recorded question and answer statement of defendant was played during the trial. His trial testimony was substantially the same as his statement. The latter was specifically not objected to on behalf of appellant as is clearly set out in the transcript. In addition defense counsel, because there were some extraneous sounds on the recording requested that a transcript of the latter be made available to the defense and to the jury. The reason for this was that the statement supported defendant's testimony that he had not participated in the actual killing. Appellant also claimed to have been held five to six days without opportunity to speak to "home". We agree with the District Court that the detention under the facts before us has no constitutional impact and that appellant's recorded statement was the strongest evidence he presented in avoiding the death penalty. Henry v. State of Mississippi, 379 U.S. 443, 451, 85 S. Ct. 564, 13 L.Ed.2d 408 (1965); United States ex rel. Parker v. Rundle, 259 F. Supp. 420, 422 (E.D.Pa., 1966). The facts here differ materially from those in United States ex rel. Gockley v. Myers, 378 F.2d 398 (3 Cir. 1967).

From the undeniable record facts we are satisfied that the judgment of the District Court was proper. It will be affirmed.