Ronald Mathew MEGO, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA, Larry J. Kulick, Ivan Mateer and Donald Caldwell.

No. 16283.

United States Court of Appeals Third Circuit.

Submitted July 9, 1968.

Decided July 26, 1968.

Ronald Mathew Mego, pro se.

Harry A. Heilman, Jr., Dist. Atty. of Armstrong County, Kittanning, Pa., for appellee.

Before BIGGS, McLAUGHLIN and KALODNER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This alleged civil rights claim initially arose out of the arrest of the plaintiff in the Borough of Leechburgh, Pennsylvania on May 19, 1966 at about 5:30 A.M. According to plaintiff there were two girls (sisters) in his car, one seventeen years old, a minor, the other, nineteen years old, had reached her majority. Lawrence Bopp was also in the automobile at the time. Mego was charged with driving without a license and impairing the morals of a minor. As best can be ascertained from plaintiff's papers there was a preliminary arraignment around noon that day on the morals charge. Bail was fixed at $1,000. Mego

was allowed to make a telephone call to "his lawyer and bondsman" but "could not get through" to them. He says that he was not permitted any more calls and was transported to the county jail that afternoon. Five days later at a hearing before the local court he pleaded guilty to the motor vehicle charge. On the way back to jail he was given leave to telephone his attorney. Apparently the next day he was released on bail. A motion on his behalf to quash the morals indictment was denied. There was a trial in the Armstrong County Court on this matter June 21, 1966 at which time he was represented by his own counsel. Protest is now made of the introduction of Mego's prior criminal record at the trial. There is no contention that this was over defense objection or that it was illegally presented or used. Mego was found guilty of the offense charged. There is no suggestion of any effort on his part or on his behalf in the state proceedings to obtain a new trial or to appeal said conviction. The one thing he did do thereafter was to make application to proceed in forma pauperis to file his alleged civil rights complaint in the District Court. The latter "After a thorough examination" of said complaint concluded it was frivolous on its face and denied the application. A later motion for reconsideration was denied.

We have studied this case at length. From the complaint itself and plaintiff's own voluminous briefs there is nothing here presented that rises to the level of a Federal civil rights claim. What is mainly asserted is that the preliminary arraignment should have consisted of really a full trial presentation of not only the Commonwealth's evidence on the morals charge but also witnesses on behalf of plaintiff. We note that a Pennsylvania preliminary hearing is not a critical stage of the proceedings. United States of America ex rel. Budd v. Maroney, 398 F.2d 806 (3 Cir. July 2, 1968); Com. ex rel. Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa.1964), aff'd 341 F.2d 303 (3

Cir. 1965). We note further that Mego within a week after that pleaded guilty to driving without a license. Then followed the state county court trial which resulted in Mego's conviction on the morals offense. As we have said Mego, represented at the trial by his own lawyer, made no state move thereafter respecting said conviction.

There is nothing before us which would warrant Mego being allowed to proceed in forma pauperis in this alleged cause of action. Nor is there anything in the complaint or in the record of this matter to justify acceptance by the District Court of the complaint as a Federal statutory civil rights suit.

The judgment of the District Court will be affirmed.