Alton J. **RICHARDSON**, Petitioner-Appellant,

v.

Elmer O. **CADY**, Respondent-Appellee.

No. 18580.

United States Court of Appeals,
Seventh Circuit.

Feb. 22, 1971.

Alton J. Richardson, pro se.

Robert W. Warren, Atty. Gen., William A. Platz, Asst. Atty. Gen., Theodore J. Hodan, Asst. Dist. Atty., Madison, Wis., E. Michael McCann, Dist. Atty., Milwaukee County, Milwaukee, Wis., for respondent-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

Appellant Richardson was convicted of rape in a Wisconsin court. The Wisconsin Supreme Court affirmed his conviction, State v. Richardson, 44 Wis.2d 75, 170 N.W.2d 775 (1969), and subsequently denied his habeas corpus petition, Richardson v. Cady, (unpublished opinion) No. 70–43 (filed Feb. 26, 1970). He then filed this habeas petition in the district court. The court dismissed the petition without an evidentiary hearing. Richardson appeals. We affirm.

The district court found against Richardson's claim that he was denied his constitutional right to counsel at the police lineup in which the victim of the rape identified him. He admits that the lineup predated the June 12, 1967 cutoff date for application of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and that those decisions therefore do not apply. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Richardson claims, however, that the lineup was illegal because he was

forced to repeat, at the lineup, words spoken by the assailant, and because the victim had seen photographs of him prior to the lineup. Neither claim has merit without an additional showing of "impermissible suggestiveness." *See* Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Wade, *supra*, 388 U.S. at 222, 87 S.Ct. 1926. And Richardson makes no claim that the lineup itself was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process. *See* Stovall v. Denno, *supra*.

█ Richardson's claim that the information filed against him was defective was found to be meritless by the district court because Richardson did not specify the alleged defects and because he was represented at his trial by "aggressive, experienced" counsel and in any event did not challenge the information in the Wisconsin trial court. We see no error in this ruling. United States ex rel. Budd v. Maroney, 398 F.2d 806, 807 (3rd Cir. 1968).

█ At the trial, expert testimony disclosed that male sperm had been found in the victim. The witness could not say that the sperm was Richardson's. Richardson contends admission of the testimony comes within the rule of Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), prohibiting knowing use of false testimony; and that, since he had no prior notice of the testimony, he was denied the opportunity to procure counter expert testimony. We see no merit in this claim. The testimony was admissible because it tended to corroborate the testimony of the complaining witness. It was not used to show Richardson's participation. There is nothing to show the testimony is false or that any evidence favorable to Richardson was withheld. The *Napue* rule therefore has no application to this case.

Finally, the district court found "no prejudicial error of constitutional dimension" in the prosecutor's argument to the jury which Richardson contends effectually introduced prejudicial testimony. At trial the victim had testified she did not see a moustache on her assailant. There was evidence, however, that Richardson wore one on the day the crime was committed. The prosecutor in argument sought to have the jurors, using their own power of observation, see that some details of identification may not impress themselves on memory. He asked the jury rhetorically whether two policemen, who had testified earlier in court but who, probably at the prosecutor's request were then sitting in view of the jury with faces turned away momentarily, had moustaches. Then the policemen were asked to turn to the jury, displaying their moustaches. If this incident was prejudicial, which we very much doubt, we agree with the district court's evaluation that the error did not rise to denial of due process.

For the reasons given, we affirm.