J-S31028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE CRUZ, SR. | |
| Appellant | No. 1801 WDA 2018 |

Appeal from the Judgment of Sentence May 9, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002299-2016

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED AUGUST 08, 2019**

Appellant, Jamie Cruz, Sr., appeals from his judgment of sentence of two and a half to five years' imprisonment for terroristic threats, simple assault, and receiving stolen property, plus five years' probation for stalking.[1] Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On August 24, 2016, the Commonwealth filed an information charging Appellant with the above-mentioned offenses and related charges.  The Commonwealth alleged that on May 14, 2016, Appellant demanded the seventeen-year-old female complainant "get into the car or else," choked her to the point of unconsciousness, drove her to various locations around Erie

---

[1] 18 Pa.C.S.A. §§ 2706, 2701, 3925 and 2709.1, respectively.

County while preventing her from leaving the car, directed her to withdraw $300.00 from her bank account, took the money, and physically and sexually assaulted her.

On October 28, 2016, Appellant's trial counsel filed an omnibus pre-trial motion seeking, *inter alia*, *habeas corpus* relief on multiple charges. On January 9, 2017, the trial court issued an order denying *habeas corpus* relief.

On March 28, 2017, Appellant entered into a negotiated plea agreement in which he pleaded guilty to Counts Three (terroristic threats), Four (simple assault) and Six (receiving stolen property) of the criminal information. Appellant also agreed to amend the charge of corruption of minors in Count Eight to stalking, graded as a first-degree misdemeanor, and to plead guilty to the amended charge. Appellant expressly acknowledged that he committed his crimes of terroristic threats and stalking in Erie County. N.T., 3/28/17, at 11-13. Moreover, in the course of pleading guilty to stalking, Appellant admitted physically assaulting the victim at various locations in Erie County. *Id.* at 13. The Commonwealth stated that pursuant to the agreement, it would move to *nolle pros* the remaining counts. The Commonwealth added that it would have no objection to a sentence of two and a half to five years' imprisonment plus a probationary tail, but it advised Appellant that the court would not be bound by this recommendation, and that Appellant would not be permitted to withdraw the plea should the Judge not follow that recommendation. *Id.* at 10-11. The trial court itself informed Appellant that it had the final say as to the Appellant's sentence and was not bound by the

Commonwealth's position. *Id.* at 11-19. Appellant acknowledged that he understood, and that he was knowingly and voluntarily entering his guilty plea. *Id.* at 20. The court accepted Appellant's plea and granted the Commonwealth's motion to *nolle pros* the remaining counts. *Id.* at 20-21. We address the guilty plea colloquy in further detail below.

On May 9, 2017, the court sentenced Appellant to twelve to twenty-four months' imprisonment for terroristic threats, a consecutive term of twelve to twenty-four months' imprisonment for simple assault, a consecutive term of six to twelve months' imprisonment for receiving stolen property, and a consecutive five year term of probation for stalking.

On May 18, 2017, Appellant filed a motion to reconsider and modify sentence, asserting that the five-year probationary tail was excessive. Appellant asked the trial court to modify the sentence to run the five-year probationary tail concurrently with the period of incarceration. On May 19, 2017, the trial court denied the motion.

On September 29, 2017, Appellant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. The court appointed PCRA counsel, who filed an amended PCRA petition alleging that trial counsel failed to raise a sentencing challenge that Appellant requested, namely, that the sentences at each count should have been imposed concurrently, not consecutively, in both the motion to modify sentence and in a direct appeal. On March 21, 2018, the PCRA court issued a notice of its intention to dismiss the PCRA petition, and on April 20, 2018, it dismissed the petition.

Appellant appealed to this Court, which issued a memorandum decision vacating the PCRA court's order and remanding for an evidentiary hearing to determine if Appellant directed trial counsel to file a direct appeal. *Commonwealth v. Cruz*, 2018 WL 6427275 (Pa. Super. 2018). On December 7, 2018, instead of holding a hearing, the PCRA court entered an order reinstating Appellant's right to file a direct appeal *nunc pro tunc*. The court appointed the Erie County Public Defender to represent Appellant in this appeal. On December 21, 2018, the Public Defender filed a timely notice of appeal. Both Appellant and the court complied with Pa.R.A.P. 1925(a).

On April 1, 2019, the Public Defender filed an *Anders* brief raising two issues:

> 1. Did the trial court commit an abuse of discretion when it imposed consecutive rather than concurrent sentences at all of the counts?
>
> 2. Did the trial court err when it denied Appellant's pre-trial Petition for Habeas Corpus?

Appellant's Brief at 7. On the same date, the Public Defender filed an application for leave to withdraw from this case.

On April 29, 2019, Appellant filed a *pro se* response to the Public Defender's *Anders* brief claiming that the trial court lacked jurisdiction over the charges because the events in this case (which he now claimed were entirely the victim's fault) took place in the state of New York. Appellant attached a declaration to this response claiming that the entire matter occurred within the state of New York. Appellant also attached excerpts from

his June 7, 2016 preliminary hearing in which the victim testified about various events in New York.

On June 7, 2019, Appellant filed an application for relief based on "newly discovered evidence" of a phone call between Appellant and the victim that took place while Appellant was in Erie County jail. Attached as an exhibit to this application was a May 16, 2019 letter from the Public Defender to Appellant advising that the phone call could not be raised as evidence because Appellant chose to plead guilty instead of going to trial. The Public Defender also took issue in this letter with the jurisdictional argument raised in Appellant's *pro se* response to her **Anders** brief. According to the Public Defender, Appellant's jurisdictional argument failed because (1) there was no record evidence that the crimes took place in New York, (2) the criminal complaint stated that the location where the victim withdrew the money underlying the charge of receiving stolen property was in Erie County, (3) the preliminary hearing excerpts attached to Appellant's *pro se* response concerned events prior to the acts for which he was charged, and (4) Appellant "admitted on the record" during his guilty plea hearing "that the offenses occurred in various locations in Erie County, Pennsylvania. Once you admit this fact, you are bound by your statements." Application for Relief, exhibit A.

We first consider the adequacy of the Public Defender's motion for leave to withdraw. Our Supreme Court requires counsel to do the following:

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> (1)     provide a summary of the procedural history and facts, with citations to the record;
>
> (2)     refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)     set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)     state counsel's reasons for concluding that the appeal is frivolous.
>
> Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.  Counsel also must provide a copy of the ***Anders*** brief to his client.  Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 879–80 (Pa. Super. 2014).  The Public Defender's brief complies with these requirements by (1) providing a summary of the procedural history and facts with copious citations to the record; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous.  The Public Defender also sent her brief to Appellant with a letter advising him of the rights listed in ***Orellana***.  All of ***Anders'*** requirements are satisfied.

The first issue in the ***Anders*** brief is whether the trial court abused its discretion by imposing consecutive sentences instead of concurrent sentences. We conclude that the court acted within its discretion.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). An abuse of discretion is not merely an error in judgment. "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.*

In reviewing challenges to the discretionary aspects of a sentence, we have observed:

> Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Appellant fails the second prong of this test, because his trial counsel did not make this particular challenge at sentencing or in a timely filed post-sentence motion. Accordingly, Appellant waived this issue. *Commonwealth*

*v. Jones*, 858 A.2d 1198, 1204 (Pa. Super. 2004) (objection to discretionary aspects of sentence waived where it was neither raised at sentencing hearing or in timely post-sentence motion to modify sentence). Appellant also fails the fourth prong, because the allegation that the trial court abused its discretion by imposing consecutive instead of concurrent sentences does not raise a substantial question. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (substantial question not raised where appellant sought to challenge imposition of consecutive, rather than concurrent, sentences because appellant was not entitled to volume discount on crime).

Further, "[w]here a plea agreement contains a negotiated sentence which is accepted and imposed by the trial court, there is no authority to permit a challenge to the discretionary aspects of that sentence." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). Herein, the Commonwealth outlined the terms of the parties' plea agreement during the plea hearing by specifying that the Commonwealth would recommend "a sentence of two and one-half to five years' incarceration plus a probationary tail to be determined by the Court." N.T., 3/28/17, at 7-8. When asked if he understood this, Appellant responded yes. *Id.* The trial court later asked Appellant if any promises were made to him that led to the plea. *Id.* at 15. Appellant responded "no." *Id.* The court advised Appellant of the maximum range of sentences and explained that the Commonwealth did not object to a sentence of two and one-half to five years. *Id.* at 15-16. Appellant responded that he understood. *Id.* at 16. The trial court explained, however, that it was

free to reject the recommendation, and any such rejection would not entitle Appellant to withdraw his plea. *Id.* at 16-17. Appellant responded affirmatively. *Id.* After the plea colloquy, the Commonwealth stressed that it would be asking for a lengthy probationary tail after the period of two and one half to five years' imprisonment. *Id.* at 18. Neither Appellant nor trial counsel claimed during the guilty plea hearing that there was any agreement for Appellant to receive concurrent sentences. Thus, by entering the negotiated plea, Appellant bargained away his right to challenge the court's decision to impose consecutive sentences.

Next, we reject the second argument in Appellant's *Anders* brief, a claim that the trial court erred in denying his pre-trial motion *for habeas corpus* relief. By pleading guilty, Appellant waived all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence. *Commonwealth v. Tareila*, 895 A.2d 1266, 1266 (Pa. Super. 2006). Challenges to pre-trial rulings such as denial of *habeas corpus* are not cognizable after the entry of a guilty plea. *Commonwealth ex rel. Adderley v. Myers*, 215 A.2d 624, 625 (Pa. 1966) (entry of guilty plea results in waiver of right to question proceedings before the plea).

Next, during this appeal, Appellant filed a *pro se* response to the Public Defender's *Anders* brief arguing that the trial court lacked jurisdiction over the charges because his acts took place in New York. Although Appellant did not challenge the trial court's jurisdiction earlier in these proceedings, he has the right to raise it at this juncture because questions of subject matter

jurisdiction "[are] not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding." ***Commonwealth v. Hemingway***, 13 A.3d 491, 496 (Pa. Super. 2011). Moreover, as noted above, Appellant's guilty plea does not operate as a waiver of his jurisdictional argument. ***Tareila***, 895 A.2d at 1266.

Nevertheless, Appellant's argument fails on the merits. The Crimes Code's jurisdictional statute provides that "a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct" if, *inter alia*, "the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth." 18 Pa.C.S.A. § 102(a)(1). Here, Appellant admitted during his guilty plea hearing that he committed terroristic threats "in the county of Erie," N.T., 3/28/17, at 12, committed stalking in the "city of Erie," ***Id.*** at 13, and "physically assaulted" the victim at various locations in Erie County. ***Id.*** These admissions establish the court's jurisdiction under Section 102(a)(1), because "a defendant is bound by the statements which he makes during his plea colloquy" and "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty . . . [or] recant the representations he made in court when he entered his guilty plea." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018).

Appellant did not expressly admit during his guilty plea hearing that he committed the charge of receiving stolen property in Erie County. Other evidence before us, however, establishes this fact. The criminal complaint

- 10 -

against Appellant charged him with receiving stolen property at a Country Fair convenience store in Erie, where the victim withdrew money and gave it to Appellant. Appellant effectively admitted that the complaint was correct in his declaration underlying his *pro se* response to counsel's **Anders** brief. In relevant part, his declaration stated that

> [the victim] calmed down [during] the rest of the trip to Pennsylvania. I took her to my house to get her property and some money[,] then we left to go to her cousins and I stopped to get gas at Country Fair while [the victim] went to the ATM to get money. Once in the car she handed the money over to me in order not to go to her cousins' house but straight to New York.

Appellant's *Pro Se* Response To **Anders** Brief, exhibit A, at 2. Thus, Appellant admitted that (1) he and the victim drove back to Pennsylvania; (2) they proceeded to his house in Pennsylvania and then to Country Fair, (3) the victim obtained money from the ATM at Country Fair and handed the money to Appellant, and (4) they drove back to New York. Thus, Appellant's own statement confirms that he received stolen property from the victim in Erie County.

Finally, on June 7, 2019, Appellant *pro se* moved for relief in this Court based on "newly discovered evidence" of a phone call between Appellant and the victim that took place while Appellant was in Erie County jail. Application, 6/7/19, at 1. It is unknown, however, when the recording took place, i.e. before or after his guilty plea. Yet, Appellant opines that the evidence "could prove his innocen[ce] although he had plead [sic] guilty" and, it could support

a challenge to have his sentences imposed as concurrent rather than consecutive. *Id.* at 2.

On June 20, 2019, Appellant filed another application with this Court, seeking an evidentiary hearing on the newly discovered evidence described above. In his latest application, Appellant clarifies that the new evidence consists of a recorded conversation between Appellant and victim in which Appellant asked victim "why you are doing this to me" to which victim replied "well[,] you should have thought about that before you cheated on me with 3 different girls." Appellant's Motion, 6/20/19, at 3. According to Appellant, the new evidence would "prove that the alleged victim had a motive which caused the alleged victim to file a false criminal complaint." *Id.*

It appears, therefore, that the alleged new evidence might be useful for two purposes: to challenge the discretionary aspects of his sentence and to challenge the credibility of the victim. Appellant is due no relief.

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007) (citation omitted).

It is clear Appellant would not be able to meet one or more of the prongs of the test. First, Appellant's applications do not provide any explanation as

to whether the recording took place before or after the guilty plea. Second, as acknowledged, the new evidence would be used for impeachment purposes. Finally, the new evidence would be used to challenge the discretionary aspects of the sentence, not the guilty plea itself. Thus, we are compelled to conclude Appellant's proffers do not merit a further evidentiary hearing. Accordingly, we deny Appellant's applications for relief.

Judgment of sentence affirmed. Appellant's applications for relief denied. Appellant's petition to order Department of Corrections to adjust costs and fines transferred to Commonwealth Court.[2] Application to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2019

---

[2] On July 23, 2019, Appellant filed a petition claiming that the Department of Corrections denied his inmate grievance to adjust the fines and costs in his inmate account from $3,966.48 to $300.00. Litigation over inmate grievances, and inmate account deduction claims in particular, falls within the jurisdiction of the Commonwealth Court. *See*, *e.g.*, *Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016). Pursuant to Pa.R.A.P. 751, we transfer this petition to the Commonwealth Court for disposition.